Meaghan M. Driscoll, WSBA No. 49863
John Francis Connelly, WSBA No. 60196
CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH MCLAUGHLIN, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPOKANE, a political subdivision of the State of Washington; TREVOR WALKER, individually and in his official capacity; CHRISTOPHER JOHNSON, individually and in his official capacity; and JOHN and JANE DOES 1–40, individually and in their official capacities, inclusive,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND WASHINGTON LAW**<br><br>**<u>JURY TRIAL DEMAND</u>** |

COMES NOW the above-named Plaintiff, by and through her attorney of record, Meaghan M. Driscoll and John Francis Connelly of Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to herself and her own actions, and upon information and belief upon all other matters, as follows:

COMPLAINT FOR DAMAGES - 1 of 13

## I. PARTIES

1. Plaintiff SARAH MCLAUGHLIN is the bereaved fiancée of Robert Bradley. Mr. Bradley was shot and killed by Spokane Police Department (the "SPD") officers on September 4, 2022. Sarah had lived with her fiancé for over two years at the time of the shooting. She was present in the home alongside Robert's two minor children at the time of the shooting and witnessed the shooting and death of her fiancé in the back yard of the home. Plaintiff brings claims in her individual capacity for deprivation of her constitutional right to intimate association with her fiancé as well as individual claims for negligent infliction of emotional distress.

2. Defendant CITY OF SPOKANE is a political subdivision within the State of Washington. Among other things, the City of Spokane provides law enforcement services through its police department, the Spokane Police Department. SPD's mission is supposed to include creating a safe and secure environment in which to live, work, and visit, enforcing the law in a fair and impartial manner to ensure the community's safety, and protecting citizens from harm. Defendant CITY OF SPOKANE employed police officers who responded to the September 4, 2022 incident involving Robert Bradley described herein. The civil rights violations delineated herein were proximately caused by

Spokane's customs, policies, and usages of using and authorizing the unreasonable use of deadly and military-style force without legal cause.

3. At all relevant times, Defendants TREVOR WALKER, CHRISTOPHER JOHNSON, AND JOHN AND JANE DOE OFFICERS AND SUPERVISORS 1–40, were duly appointed officers and/or employees or agents of Defendant CITY OF SPOKANE, subject to oversight and supervision by CITY OF SPOKANE'S elected and non-elected officials. Defendants were working under color of state law and within the course and scope of their employment and agency at all relevant times described herein.

4. John and Jane Does 1–40 are entities and persons involved with the unconstitutional reckless, wanton, unreasonable, and intentional acts described herein. These entities and persons are not currently known to Plaintiff. Upon discovery of their identities, Plaintiff reserves the right to add them as Defendants in this cause of action.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is appropriate in the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the defendants reside in this

judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Eastern District of Washington.

### III.  STATUTORY COMPLIANCE

7. On or about May 23, 2023, an administrative claim for damages was served upon the City of Spokane.

8. Any prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

### IV.  STATEMENT OF FACTS

9. This case arises from the negligent, reckless, unprovoked, and unjustified shooting of Robert Bradley by three Spokane Police Officers who crept up on Mr. Bradley as he unloaded his van and opened fire before Mr. Bradley was even aware of their presence. The Officers fired indiscriminately in the direction of Mr. Bradley and his family home where his fiancé and two minor children were located. Robert Bradley was shot nine times at point blank range and killed in front of his fiancé and children.

10. On September 4, 2022, at approximately 6:30 PM, Mr. Bradley's neighbor requested the SPD's services to serve a routine protection order related to an ongoing property dispute. Mr. Bradley had just returned from a camping trip and was unaware that a protection order had been issued two days prior.

11. The SPD unreasonably escalated what should have been a standard police matter into one of unjustified, reckless, and impulsive aggression. They approached the house as if conducting a military-style stealth raid of the Bradley family home and ambushed Mr. Bradley in his driveway.

12. By way of illustration, at approximately 10:19 PM, SPD Officer Johnson, Officer Walker, and Officer Leming pulled their police cruisers into the dark alley behind the Bradley family home without activating their lights or sirens. They parked three houses down, got out of their vehicles, drew their weapons, and silently crept up to the corner of the garage of Robert and Sarah's next-door neighbor, where they observed Robert unloading his van through the passenger door.

13. Meanwhile, Robert Bradley and Sarah McLaughlin were still unaware that a protection order had been issued and had yet to be served. Robert was unloading his van from the camping trip and Sarah was inside the home with the kids. Robert was hard of hearing and required hearing aids.

14. The officers observed Robert unloading the passenger side of his van for some time before they moved in to make contact. Officer Johnson led the way with his rifle aimed and ready. Mr. Bradley was completely oblivious of their presence.

15. According to Officer Johnson's Body Camera at 22:19:37, having waited until he was approximately six feet away from the passenger door, Officer Chris Johnson announced, "Spokane Police let me see both hands," at which point Robert Bradley lifted his head.

16. Two seconds later, at 22:19:39, the SPD Officers suddenly opened fire, spraying bullets indiscriminately in the direction of Robert and the family home. They did not give Robert any time to comply with commands or process what was happening.

17. Mr. Bradley was shot multiple times by Officer Johnson. He fell to the ground bleeding profusely and completely incapacitated. Despite the fact that he was clearly incapacitated, Officer Johnson fired four additional shots into Robert's body as he lay bleeding in his driveway and writhing in pain.

18. The sudden and reckless volley of gunfire resulted in bullets that missed their mark. Several of the bullets that did not hit Robert or passed through his body struck his house behind him, terrorizing Sarah who watched helplessly while simultaneously fearing for her own life. Shell casings were recovered on the back porch of the home.

19. At the time of the unreasonable and unnecessary shooting, Mr. Bradley had been taken by complete surprise. He did not pose an immediate threat to the safety of Officer Johnson, Officer Walker, or others, and he was not

Connelly Law Offices, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

actively resisting or attempting to evade arrest. Instead of attempting to serve the order in a reasonable manner designed to decrease the chance of a violent confrontation, SPD unnecessarily snuck up on him, surprised him, and executed him in his back yard before he had any time to process what was happening.

20. SPD placed Sarah McLaughlin in direct and imminent danger of being shot and killed by unreasonably escalating a routine police matter into a commando-style ambush of the Bradley family home without any legal or tactical justification. The way the SPD handled this protection order was entirely unnecessary, negligent, reckless, deliberately indifferent to the rights of Mr. Bradley and Plaintiff McLaughlin and fell well below the standard of care for law enforcement.

21. After the shooting, Sarah watched in terror as the police cut off Robert's clothes, applied tourniquets, and attempted to patch the numerous bullet holes in Robert's torso and extremities. Sarah witnessed Robert bleeding on the ground and crying in agony as he lay dying. She watched her fiancé in his final moments as he lay naked on their gravel driveway, covered in dirt and blood, and clinging to his life. The last time she saw her fiancé alive was when medical personnel removed his body on a stretcher. Sarah never got to say goodbye.

22. The Spokane Police Department improperly, unreasonably, recklessly, and with deliberate indifference escalated a simple law enforcement function into a stealth commando-style raid, handled the situation extremely unprofessionally and poorly, and killed Robert Bradley without provocation and before giving him an opportunity to process what was happening and comply. Under the totality of circumstances, the conduct by these officers was well below the standard of care, negligent, unreasonable, unnecessary, and reckless.

23. The above-described actions of the agents of Defendants were outrageous and were taken with deliberate and reckless disregard for the constitutional rights of Sarah McLaughlin and her physical and emotional safety and well-being.

24. As a direct and proximate result of Defendants' above-described negligent and reckless conduct, Sarah McLaughlin suffered extreme emotional distress, mental anguish, fear, anxiety, trauma, depression, loss of companionship, loss of consortium, loss of intimate association, destruction of her relationship, and other general and special damages from watching her fiancé's death and being placed in imminent threat of being struck by a bullet and killed herself.

25. As a direct and proximate result of the breaches, failures, and negligence of Defendants, as described above and in other respects as well,

Plaintiff has incurred and will continue to incur general and special damages in amounts to be proven at trial.

## V.    FIRST CAUSE OF ACTION
### (Federal Civil Rights Violation Under 42 U.S.C. § 1983)

26. Plaintiff hereby realleges and incorporates by reference each paragraph of this Complaint as if fully stated herein.

27. Plaintiff SARAH MCLAUGHLIN had a cognizable interest under the Free Association Clause of the First Amendment of the United States Constitution to continued association with her fiancé, Robert Bradley. The First Amendment protects those relationships that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs, but also distinctively personal aspects of one's life.

28. Plaintiff had lived with her fiancé for over two years at the time of his death. They were engaged and planned to be married. Their relationship was personal and private, and they shared their lives together.

29. By virtue of the facts set forth above, the Defendants are liable for compensatory and punitive damages for subjecting, or causing to be subjected, Sarah McLaughlin, a citizen of the United States, to a deprivation of the right guaranteed by the First Amendment to the Constitution of the United States and

42 U.S.C. § 1983, to be free from deprivations of her right to intimate association with her fiancé, Robert Bradley. They did this by shooting her fiancé in an unreasonable, dangerous, and violent manner without legal cause or justification. Defendants are liable pursuant to law for depriving Sarah McLaughlin of her right to free association and for punitive damages, compensatory damages, and reasonable attorneys' fees and costs.

## VI.  SECOND CAUSE OF ACTION
**(State Law Claim for Negligent Infliction of Emotional Distress)**

30. Plaintiff hereby realleges and incorporates by reference each paragraph of this Complaint as if fully stated herein.

31. Defendants owed a duty of care when engaging in law enforcement functions.

32. Defendants owed a duty of reasonable care to avoid causing foreseeable harm to persons with whom they foreseeably interact in planned law enforcement operations, especially those involving the likely use of deadly force; to avoid placing members of the community in harms way while engaging in law enforcement operations; and to ensure the safety of the surrounding community.

33. Defendants owed a duty to refrain from negligently, unreasonably, recklessly, and wantonly using deadly force against citizens; needlessly and

dangerously escalating routine law enforcement encounters; failing to secure the scene; and creating a deadly force situation, among other duties.

34.  Defendants owed a duty to ensure that the officers in its agency are fit for service and properly trained in police standards and protocols regarding control of a scene, dealing with citizens so as not to unnecessarily escalate encounters, and to be familiar with and follow proper and reasonable standards and training regarding the use of deadly force.

35.  Defendants breached these duties when Spokane Police Department officers negligently and recklessly escalated a routine service of a protection order into the use of deadly force; engaged in the improper, unreasonable, unnecessary and excessive use of force; and shot repeatedly towards Robert Bradley and in the direction of the family home.

36.  Defendants breached these duties when SPD officers failed to control the scene and placed Sarah McLaughlin at risk of death by firing shots into the house and causing her to fear for her life.

37.  Defendants breached these duties as described above, and in other ways, which may become known through the course of discovery.

38.  The negligent and unreasonable actions of Defendants occurred while the officers were in the course of their police work and amounted to negligence that created a risk of harm, and actual harm, which ultimately

resulted in the death of Robert Bradley and severe emotional distress to Sarah McLaughlin. The officers' actions were unreasonable, excessive, and well outside the standards that reasonable police officers follow when interacting with citizens.

39. As a direct and proximate result of the Defendants' negligence and recklessness, unreasonable conduct, and failure to follow proper police practices and procedures, Plaintiff Sarah McLaughlin suffered serious emotional anguish and trauma, including severe emotional distress. Only a few feet away from her fiancé, Sarah was a bystander and in the zone of danger and watched in shock and horror as her fiancé was needlessly shot by SPD officers acting under color of law and suffered a painful death.

40. As a direct and proximate result of Defendants' negligence and infliction of emotional distress, Plaintiff has suffered significant general and special damages which will continue to accrue and will be proven in greater specificity at trial.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendants:

(a)    Consolidation of this case with *Bradley, et. al. v. City of Spokane, et. al.,* E.D. Wash. No. 2:24-cv-00189-MKD;

(b)  Compensatory damages;

(c)  Punitive damages from the individual Defendants on Plaintiff's claims under 42 U.S.C § 1983;

(d)  Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law; and

(e)  Awarding such other and further relief as the Court deems just and proper.

DATED this 22nd day of August 2024.

CONNELLY LAW OFFICES, PLLC


By:   *s/ Meaghan M. Driscoll*
By:   *s/ John Francis Connelly*
    Meaghan M. Driscoll, WSBA No. 49863
    John Francis Connelly, WSBA No. 60196
    2301 North 30th Street
    Tacoma, WA 98403
    Phone: (253) 593-5100
    Fax: (253) 593-0380
    Email: mdriscoll@connelly-law.com
    Email: JFConnelly@connelly-law.com
    *Attorneys for Plaintiff*